*257
 
 | ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respon
 
 *258
 
 dent, Randall P. Serrett, an attorney licensed to practice law in Louisiana but currently on interim suspension pursuant to a joint motion of the parties filed in July 2009.
 
 In re: Serrett,
 
 09-1530 (La.7/9/09), 12 So.3d 348.
 

 FORMAL CHARGES
 

 07-DB-020
 

 The Toucheck Matter
 

 In 1998, Blayne and Balinda Toucheck hired respondent to assist them in an adoption, paying him a $600 fee. On May 22, 1998, respondent prepared a document giving the Touchecks provisional custody of the child, which document was signed by the biological mother. Although the Tou-checks kept in contact with respondent, who kept promising to finalize the adoption, he failed to take further action until August 2005. At that time, he drafted a petition for adoption (which was executed by the Touchecks), a voluntary act of surrender (which was executed by the biological parents), and a proposed judgment. Nevertheless, respondent did not file any of these documents with the court.
 

 |2After not hearing from respondent for an extended period of time, the Touchecks contacted a second attorney, who advised them the provisional custody document was defective and invalid. The Touchecks contacted respondent, who refunded the $600 fee and gave them a copy of their file. When they reviewed the file, the Tou-checks learned respondent had not filed the documents.
 

 In September 2006, the Touchecks filed a disciplinary complaint against respondent. In response, respondent admitted the allegations in the complaint, specifically stating he procured the voluntary surrender from the biological parents and drafted the petition for adoption but failed to file the petition.
 

 The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 07-DB-056
 

 The Physical Therapy Services Matter
 

 In June 1996, respondent executed an agreement guaranteeing payment for medical services provided to his client, Clint Guidry, by McLeod-Trahan-Sheffield Physical Therapy Services, Inc. (“Physical Therapy Services”). In April 2000, respondent executed an agreement guaranteeing payment for medical services provided to his client, Joshua Domingue, by Physical Therapy Services.
 

 Respondent settled Mr. Guidry’s claim in August 2000 for $3,216.19 and withheld $1,716.19 to pay third-party medical providers. Respondent also settled Mr. Do-mingue’s claim and withheld funds to pay third-party medical providers. Nevertheless, he failed to pay Physical Therapy Services from the settlements. He Uniformed Physical Therapy Services that his former secretary had embezzled the funds, which left him financially unable to pay the medical bills. Although he repeatedly promised to pay Physical Therapy Services, he failed to do so.
 

 In September 2006, Physical Therapy Services filed a disciplinary complaint against respondent. In response, respondent admitted the allegations in the complaint. In mitigation, he stated that, while the cases were pending in his office, he turned over the day-to-day operation of his civil practice to his secretary due to family-related health issues. When he closed
 
 *259
 
 his civil practice in 2001 to accept a full-time position with the district attorney’s office, he discovered his secretary had embezzled the funds designated for Physical Therapy Services. In January 2007, respondent paid Physical Therapy Services $2,376.95 in outstanding costs for services provided to Mr. Guidry and Mr. Do-mingue.
 

 The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.15(b) (failure to timely remit funds to a client or third person) and 5.3 (failure to properly supervise a non-lawyer assistant).
 

 DISCIPLINARY PROCEEDINGS
 

 In May 2007, the ODC filed the formal charges in 07-DB-020. In October 2007, the ODC filed the formal charges in 07-DB-056. Respondent failed to answer either set of formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). The matters were then consolidated by order of the hearing committee chair. No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and | .(documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined that, because the formal charges are deemed admitted, there are no factual disputes. The documentary evidence submitted by the ODC supports the formal charges, and the formal charges encompass enough facts to support the alleged rule violations. Therefore, the committee found the ODC had proven its case by clear and convincing evidence.
 

 The committee further determined respondent knowingly, if not intentionally, violated duties owed to his clients and the legal profession. His conduct caused actual harm and potentially serious harm to the Touchecks. He also caused actual harm to Physical Therapy Services and potential harm to Mr. Guidry and Mr. Domingue. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is suspension.
 

 The committee found the following aggravating factors present: prior disciplinary offenses,
 
 [1]
 
 a pattern of misconduct, multiple offenses, vulnerability of the victim (the Touchecks), substantial experience in the practice of law (admitted 1986), and indifference to making restitution. In mitigation, the committee found only personal or emotional problems.
 

 | fiAfter considering this court’s prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for ten months. Neither respondent nor the ODC objected to this recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined the hearing committee’s factual findings are supported by the factual allegations of the formal charges, which are deemed admitted, and/or by the documentary evidence submitted in support of the factual allegations. Accordingly, the board determined the factual allegations of the formal charges have been deemed admitted and proven by clear and convincing
 
 *260
 
 evidence. Based on these facts, the board agreed with the committee that respondent violated the Rules of Professional Conduct as charged in both sets of formal charges.
 

 The board further determined respondent knowingly violated duties owed to his clients and the public. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined suspension is the baseline sanction.
 

 The board agreed with the aggravating factors found by the committee. With respect to the mitigating factor of mental disability, the board found Dr. Berard’s report “failed to show a causal nexus between a mental disability and [respondent’s] misconduct.” Accordingly, the board found respondent failed to carry his burden of proving that a mental disability mitigated his misconduct. However, the board acknowledged the mitigating factor of personal or emotional problems.
 

 After considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year, retroactive to the date of his interim suspension, followed by two years of supervised probation with the condition that he successfully complete the Louisiana Instate Bar Association’s Trust Accounting School within one year of returning to the practice of law.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The record of this deemed admitted matter indicates respondent neglected a legal matter, failed to communicate with a client, misrepresented the status of a case to a client, and failed to properly supervise a non-lawyer assistant, which led to his failure to promptly remit funds to a third-party medical provider. This misconduct |7supports a finding that respondent violated the Rules of Professional Conduct as charged in both sets of formal charges.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed
 
 *261
 
 depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 The record further indicates respondent knowingly violated duties owed to his clients, the public, and the legal profession. He caused harm to the Touchecks and Physical Therapy Services. The baseline sanction for respondent’s misconduct is a suspension from the practice of law.
 

 Aggravating factors include pri- or disciplinary offenses, multiple offenses, vulnerability of the victim (the Tou-checks), and substantial experience in the practice of law. In mitigation, we recognize respondent’s personal or emotional problems, full and free disclosure to the disciplinary board and cooperative attitude toward the proceedings, and remorse. Additionally, we consider the delay in the disciplinary proceedings to be a factor in mitigation.
 

 Under all the circumstances, the sanction recommended by the board in this case is not unreasonable. Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year, retroactive to the date of his interim suspension, followed by two years of supervised probation with the [ «condition that he successfully complete Trust Accounting School within one year of returning to the practice of law.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Randall P. Ser-rett, Louisiana Bar Roll number 17794, be and he hereby is suspended from the practice of law for one year, retroactive to July 9, 2009, the date of his interim suspension. Following his suspension, respondent shall be placed on supervised probation for a period of two years with the condition that he successfully complete the Louisiana State Bar Association’s Trust Accounting School within one year of returning to the practice of law. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . In July 2001, respondent received an admonition for failing to promptly refund an unearned fee and issuing an NSF check. In November 2005, respondent received an admonition for neglecting a legal matter and allowing a client's claim to prescribe.